1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> GERALD LEVITT, dba GERALD LEVITT APPRAISAL, <br><br> Defendant. | CASE NO. 11cv1284 JM(BLM) <br><br> ORDER DENYING MOTION TO DISMISS; GRANTING MOTION TO STRIKE; GRANTING LEAVE TO AMEND |

Defendant Gerald Levitt ("Levitt"), dba Gerald Levitt Appraisal, moves to dismiss the claims alleged by Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as receiver for IndyMac Bank, pursuant to Fed.R.Civ.P. 12(b)(6) and to strike its claim for attorney's fees and costs pursuant to Fed.R.Civ.P. 12(f). The FDIC only opposes the motion to dismiss. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss, grants the motion to strike the prayer for attorney's fees without prejudice, and grants 10 days leave to amend from the date of entry of this order.

# BACKGROUND

On June 10, 2011 the FDIC, as receiver for IndyMac Bank, (Compl. ¶1), filed a

complaint against Levitt alleging six claims for relief: three for breach of contract and three for negligent misrepresentation.   The complaint also requests an award of attorney's fees and costs.   In broad brush, FDIC alleges that Levitt negligently misrepresented and breached its contractual duties by preparing property appraisals containing numerous material misrepresentations, including gross over-evaluation of the properties at issue, which resulted in damages to the FDIC.

In 2007, the FDIC alleges that Levitt entered into agreements with three separate mortgage brokers - - Diamond Valley Funding, Southern Fidelity Mortgage, LLC, and Western Thrift and Loan - - to prepare appraisals for real properties located in San Marcos, El Cajon, and San Diego, California.   (Compl. ¶¶8, 18, 28).   With respect to each appraisal, Levitt agreed and represented that:

> The lender/client may disclose or distribute this appraisal report to: . . . another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants . . . without having to get the appraiser's consent. . .

> The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.

> Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability. . . .

(Compl. ¶¶12, 22, 32).

FDIC alleges that Levitt breached the appraisal contract by, among other things, (1) misrepresenting the value of the properties; (2) using improper and negligently selected comparable sales; and (3) did not comply with the Uniform Standards of Professional Appraisal Practice ("USPAP").   (Compl. ¶14, 24, 34).   FDIC alleges it suffered damages on the San Marcos, El Cajon, and San Diego properties in the amounts of $376,458, $362,588, and $355,006, respectively.   FDIC also seeks interest, costs and attorney's fees.

Levitt now moves to dismiss both claims and to strike the prayer for attorney's fees.

# DISCUSSION

## Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Breach of Contract Claim**

Levitt argues that the complaint fails to identify any contract between him and the three mortgage brokers. As a consequence, Levitt concludes that FDIC fails to state a claim for breach of contract or that FDIC is a third party beneficiary of the contract.

To establish a breach of contract, FDIC must show (1) the existence of a contract, (2) plaintiff's performance under the contract, (3) defendant's material breach of the contract, and (4) damages arising from the breach. See Smith v. Royal Mfg. Co., 185 Cal.App.2d 315, 328 (1960); Roth v. Malson, 67 Cal.App.4th 552, 557 (1998). Here, the complaint alleges that (1) Levitt contracted with the mortgage brokers to prepare appraisals for the properties, (Compl. ¶¶ 8, 9, 18, 19, 28, 29); (2) the mortgage brokers complied with their obligations under the contract, (Compl. ¶¶15,25, 35), by, among other things, providing "valuable consideration" in exchange for the appraisals, (Compl. ¶¶8, 18, 28); (3) Levitt did not comply with the obligations and representations contained in the appraisals and the USPAP, (Compl. ¶¶14, 24, 34); and (4) IndyMac suffered consequential damages. (Compl. ¶¶26, 36, 46).

The court notes that the complaint generally alleges that the mortgage brokers contracted with Levitt to conduct the property appraisals. While no particularized written or oral contract is alleged in the complaint, FDIC alleges the approximate date of the agreement (i.e. the date whereby the mortgage brokers requested, ordered, or otherwise contracted for an appraisal with Levitt). (Compl. ¶18, 28, 38). While these allegations are not specific, the allegations provide Levitt (in combination with his unique knowledge of the underlying transactions) with sufficient notice such that he is able to conduct discovery and to adequately respond to the complaint.

The court also finds that the complaint sufficiently alleges that FDIC is an alleged third party beneficiary of the agreements between Levitt and the mortgage brokers. "For a third party to qualify as a beneficiary under a contract, the contracting parties must have intended to benefit that third party, and their intent must appear from the terms of the contract." Kirst v. Silna, 103 Cal.App.3d 759, 763 (1980) (citing

Cal.Civ.Code § 1559). The contracted for appraisals expressly provide, as set forth in paragraph 23 of the certificates allegedly attached to the appraisals:

> The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.

(Compl. ¶¶ 12, 13, 22, 23, 32, 33).  This provision expressly provides that mortgagees may rely upon and benefit from the appraisals.  Accordingly, the court concludes that this provision permits FDIC to enforce the provisions and to prosecute the action in its own name.  <u>See</u> Restatement 2nd of Torts §552.

In sum, the motion to dismiss the breach of contract claims is denied.

**The Negligent Misrepresentation Claim**

For the tort of negligent misrepresentation, the California Supreme Court has adopted the test articulated in the Restatement Second of Torts. <u>See</u> <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 414 (1992).  Under the Restatement rule, a person who negligently supplies false information is liable for a loss suffered "(a) by the person or one of a limited group of persons for whose benefit and guidance he [or she] intends to supply the information or knows that the recipient intends to supply it; and (b) through reliance upon it in a transaction that he [or she] intends the information to influence or knows that the recipient so intends or in a substantially similar transaction." Rest.2d Torts (1977) § 552, subd. (2); <u>Glenn K. Jackson Inc. R. Roe</u>, 273 F.3d 1192 1200 (9th Cir. 2001).  Stated another way, the elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. <u>Fox v. Pollack</u>, 181 Cal.App.3d 954, 962 (1986). A misrepresentation claim must comply with the particularity requirements of Fed.R.Civ.P. 9(b).  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 11210, 1127 (9th Cir. 2009).

Here, the complaint alleges that Levitt prepared the three appraisals at issue; the dates the appraisals were prepared; the appraisals materially over-represented the value of the properties; the appraisals used improper and negligently selected comparable sales for comparisons; the appraisals did not comply with USPAP; the appraisals were made in the course of Levitt's business; IndyMac was an intended beneficiary of the appraisals and used them in connection with mortgage finance transactions; IndyMac justifiably relied on the appraisals in deciding to fund the loans; and IndyMac was damaged as the appraisals significantly overvalued the properties. (Comp. ¶¶38-42, 44-48, 50-54).  Nothing more is required to state a claim for negligent misrepresentation.

In sum, the motion to dismiss the negligent misrepresentation claims is denied.

**The Motion to Strike**

Levitt moves to strike the prayer for attorney's fees and costs because Plaintiff fails to identify any statutory or contractual provision permitting such fees.  <u>See Santisas v. Goodin</u>, 17 Cal.4th 5999, 608 (1998).  Plaintiff did not oppose the motion to strike but requests leave to file an amended complaint.  As leave to amend is to be freely given, Fed.R.Civ.P. 15(a), the court grants the motion to amend.

In sum, the court denies the motion to dismiss, grants the motion to strike, and grants FDIC 10 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: October 3 , 2011

_____
Hon. Jeffrey T. Miller
United States District Judge